**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**December 30, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DARRYL GOODMAN,

    Defendant - Appellant.

No. 24-1382
(D.C. No. 1:23-CR-00251-RM-6)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **TYMKOVICH**, and **BACHARACH**, Circuit Judges.
_____

Darryl Goodman pled guilty to distribution and possession of a controlled

substance, and aiding and abetting the same, in violation of 21 U.S.C. § 841(a) and

(b)(1)(B)(vi) and 18 U.S.C. § 2.  His plea agreement contained a broad waiver of his

appellate rights.  Despite that waiver, Mr. Goodman filed this appeal.  The

government moved to enforce the appeal waiver under *United States v. Hahn*,

359 F.3d 1315 (10th Cir. 2004) (en banc).  In response, Mr. Goodman conceded he

"is not opposed to enforcement of the appeal waiver, with the understanding that the

appeal waiver does not waive a potential timely appeal from a denial of a motion

---

    [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

under 28 U.S.C. § 2255" based on ineffective assistance of counsel.  Resp. at 3.

Mr. Goodman's understanding is correct.  The appeal waiver does not prevent him

from seeking collateral relief based on ineffective assistance of counsel.  *See* Mot. to

Enforce, Attach. 1 at 3.  Based on Mr. Goodman's concession, we grant the

government's motion to enforce the appeal waiver and dismiss this appeal.

Entered for the Court

Per Curiam